SIDNEY B. BREWER and ARLINE B. BREWER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brewer v. Commissioner
Docket No. 4669-77.
United States Tax Court
T.C. Memo 1978-357; 1978 Tax Ct. Memo LEXIS 155; 37 T.C.M. (CCH) 1495; T.C.M. (RIA) 78357; September 12, 1978, Filed Sidney B. Brewer, pro se. Marion K. Mortensen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code *156 , [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency of $ 1,364 in petitioners' Federal income tax for the year 1974. The only questions for decision are: (1) whether petitioners are entitled to a deduction for medical expense, under section 213, in any amount; (2) whether petitioners are entitled to a deduction for charitable contributions, under section 170, in any amount greater than $ 150; (3) whether petitioners are entitled to a deduction for travel expense, under section 162, in any amount greater than $ 252; and (4) whether petitioners are entitled to miscellaneous deductions in any amount greater than $ 18. The petitioners filed a *157 timely Federal income tax return for the year 1974. At the time the petition herein was filed, they resided at 229 Vega Avenue, Lompoc, California. On their income tax return for the year 1974, petitioners claimed a deduction for medical expense in the net amount of $ 2,602.42, after excluding $ 519.58 attributable to three percent of adjusted gross income. In the statutory notice of deficiency, the respondent disallowed the entire amount claimed on the grounds that the taxpayers did not submit information necessary to substantiate the deductions. At the trial, it was stipulated that the petitioners had substantiated medical expenditures in the total amount of $ 1,744.55, of which $ 396.61 was attributable to the payment of insurance premiums. Petitioners offered no documentary evidence of any further medical expenditures for that year, and testimony offered at the trial in this regard was vague and indefinite. The petitioners have failed to carry their burden of proof as to medical expenditures in any amount greater than the $ 1,744.55 agreed to in the stipulation. Therefore, we find that the petitioners are entitled to use medical expenditures in the amount stipulated in *158 computing the medical deduction allowable for the year 1974. The petitioners claimed charitable contributions in the amount of $ 950. Respondent, in the statutory notice of deficiency, disallowed all but $ 150 of this amount, stating that a reasonable amount had been allowed based upon information submitted. The petitioners produced no documentary evidence to substantiate the amounts claimed as charitable contributions, although petitioner Sidney B. Brewer (hereinafter referred to as "petitioner") testified that he had attempted to obtain confirmation from several of the organizations to which they allegedly made contributions. Here, again, the petitioner's testimony at the trial was vague and indefinite. The evidence offered was simply insufficient to establish to whom and in what amounts contributions had been made. The petitioners claimed employee business expense in the total amount of $ 1,250, attributable to Arline B. Brewer, petitioner's wife, described as transportation from "first job to part-time job" -- $ 375 and "to course at UCLA -- 7 weeks" -- $ 875. In the statutory notice of deficiency, this entire item was labeled "travel" and was allowed only in the amount *159 of $ 252, on the basis that "reconstruction of travel to second employer has been allowed" and that no information had been submitted regarding education expenses. No documentary evidence was offered on behalf of petitioners to substantiate these expenses of transportation and travel in any amount greater than that allowed by the respondent in the statutory notice. Again, petitioner's testimony in this regard was vague and indefinite. They have not established or substantiated expenditures in this regard in any amount greater than that allowed by the respondent. Since the petitioners have failed to establish the amount of the expenditures as a matter of fact, we need not address the question of whether the purpose for which the expenditures were made would have entitled them to a deduction as a matter of law. Petitioners claimed the following miscellaneous deductions: Education
$ 750.00
Books and supplies
375.00
Expense of office in home
594.07
Depreciation on library
200.00
Tax preparation
17.50
In the statutory notice of deficiency, the respondent allowed the deduction for tax preparation (rounded to $ 18) and disallowed the rest of these deductions. *160 At the trial, it was stipulated that the petitioners had substantiated the following expenditures made during 1974: Books
$ 123.20
Chapman College
216.00
Faculty association
5.00
$ 344.20
It was also stipulated that the petitioners had paid $ 17.50 to C. Furphy for tax return preparation during 1974; but this item had already been allowed by the respondent in the statutory notice. The petitioners offered no documentary evidence to substantiate these expenditures claimed as miscellaneous deductions on their return. And, again, the petitioner's testimony was vague and indefinite, with respect to these alleged expenditures, as to amounts paid, to whom paid, etc. He did testify, however, that his wife is an art teacher at Hancock College, that she purchases many books for use in this job, and that she had attended Chapman College in order to maintain and improve her skills as an art teacher. Therefore, petitioners are allowed miscellaneous deductions in the amount of $ 344.20 as ordinary and necessary business expense under section 162. Here, again, since the various other expenses claimed are not substantiated as a matter of fact, we need not address the *161 question of whether expenditures for such items as an office in the home, for example, are deductible as a matter of law. At the beginning of the trial, petitioner offered evidence to show that, on or about April 26, 1976, he and another man had been injured, when a C.B. antenna that they were attempting to repair came in contact with a 12,000 volt electrical line. The evidence indicated that the full force of the high-voltage electrical shock was transmitted back through the antenna into the petitioner's house, blackening all the electrical switches in one room and burning all the lamps and appliances that were plugged in at the time. The petitioner also testified that some of the records that he had, with respect to expenditures for which deductions were claimed, had been destroyed as a result of this accident. He also stated that he had difficulty in recalling some events, because the electrical shock sustained at that time had "imbalanced" him to a degree. We sympathize with the petitioner in his loss of records and, especially, in his loss of well-being as a result of this accident. It is difficult to understand, however, why the petitioner's wife did not appear and testify *162 at the trial or, at least, assist him in preparing a reconstructed schedule of these expenditures to be used at the trial as an aid to his testimony. Especially is this true, since it appears that she was equally conversant with all of these expenditures and that most of them were attributed to her. No explanation of this was made at the trial. No suggestion was made that it was inconvenient or impossible for her to attend on the particular day for which the trial was set. No request was made that the trial be continued to another date, so that she could attend. In short, despite our sympathy for petitioner's loss of records and his physical impairment, we do not believe that the petitioners have exerted their best efforts to carry the burden of proof necessary to overcome the respondent's determination of deficiency. Accordingly, we hold for the respondent, except for those additional deductions specifically recognized and allowed above. * * *
In accordance with the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.